# COURT OF CRIMINAL APPEALS
## OF TEXAS

EX PARTE                                  §        TRIAL CT. NO. W-11-40599-K

                                          §

ELIJAH TAYLOR                             §        WR-83, 101-0RECEIVED IN
                                                   COURT OF CRIMINAL APPEALS

### TAYLOR'S OBJECTION AND REBUTTAL TO THE CRIMINAL DISTRICT COURT NO. 4, FINDINGS OF FACT AND CONCLUSION OF LAW ON TAYLOR'S APPLICATION FOR WRIT OF HABEAS CORPUS CONCERNING GROUND ONE

DEC 28 2015

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Abel Acosta, Clerk

COMES NOW Elijah Isaiah Taylor, herein after Applicant in pro se capacity submits to this Honorable Court Taylor's Objection and Rebuttal To The Criminal District Court No.4, Findings of Fact And Conclusion of Law On Taylor's Application For Writ Of Habeas Corpus Concerning Ground One. In support of Applicant's Objection and Rebuttal, Applicant presents the following argument:

**Objection and Rebuttal Argument**

Applicant contends that on page 6 of the Habeas District Court No.4, Findings of Fact and Conclusion for Apllican'ts Writ of Habeas Corpus under the title "Other Allegations Raised By Applicant", The Habeas Court failed to address Applicant's first ground, which is entitled: "Trial Court Failed To Swear In And Impanel Twelve (12) Jurors As Required By The United States Constitution", In lieu of addressing Applicant's first ground, the Habeas Court added a ground that the Applicnt never alleged.

Applicant now present's to this Honorable Court, the ground raised by the District Court No.4, as follows:

1.

13. This Court finds there was no objection by either side to the final jury panel selected according to article 35.26, Texas Code of Criminal Procedure. A violation of article 35.26 per se does not constitute reversible error. Brossette v. State, 885 S.W.2d 841, 842 (Tex.App.-Dallas 1994, pet.ref'd). This issue could have been raised on Direct appeal. See Ex parte Ramos, 977 S.W.2d 616, 617 (Tex.Crim.App. 1998). (Excerpt from Habeas Court Findings of Fact and Conclusion of Law For Taylor's Application for Writ Of Habeas Corpus.)

Applicant asserts to this Honorable Court that he never raised any such allegation under article 35.26 of the Tex. Code of Criminal Procedure, and now submits his objection and rebuttal to this unacceptable allegation raised by the Habeas Court as a Bar to this Court's presumption of correctness deferential standard.

Applicant contends that the ground he raised was based on article 33.01 of the Texas Code of Criminal Procedure, in which it concerns the jury size. As stated and argued in Applicant's Application for Writ of Habeas Corpus and Memorandum in Support of Appplicant's Application for Writ of Habeas Corpus, the jury that deliberated in Applicant's trial was composed of eleven (11) jurors. which is a violation of Applicant's Fifth, Sixth, and Fourteenth Amendments of the United States of America Constitution. In essence of this violation the conviction is void, and Applicant again request to this Court that the judgement based thereon be set aside. See Applicant's Application For Writ of Habeas Corpus and Memorandum in Support of Applicant's Application

2.

For Writ Of Habeas Corpus for the listing of the eleven (11) jurors and the argument.

## Conclusion

In closing, Applicant request that this Honorable Court eradicate the allegation raised by the Habeas Court concerning article 35.26, and accordingly address Applicant's raised allegation under article 33.01 of the Texas Code of Criminal Procedure concerning jury size. In the interest of justice.

## PRAYER

Wherefore, premises considered, Applicant pray that this Honorable Court grant his Objection and Rebuttal to the Criminal District Court No.4., Findings of Fact And Conclusion Of Law on Taylor's Application For Writ of Habeas Corpus Concerning Ground One. In the Interset of Justice.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Elijah Taylor, declare and verify under penalty of perjury that the above information is true and correct, Executed on this 18th day of December 2015.

/s/ *Elijah David Taylor*
Elijah Isaiah Taylor #1776071

## Certificate of Service

I, Elijah Taylor do hereby certify that a true and correct copy of this instrument has been served by placing same in the U.S. Mail postage prepaid, on this 18th day of December, 2015, addressed to:

Court of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

/s/ *Elijah Taylor*
Elijah Taylor #1776071
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas   76367-6568

3.